UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMERON D. WATTS,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>RANDY VALLEY,<br><br>　　　　　　Respondent. | Case No. 1:22-cv-00016-DCN<br><br>**INITIAL REVIEW ORDER** |

　　　　Petitioner Cameron D. Watts filed a Petition for Writ of Habeas Corpus challenging his state court conviction. Dkt. 1. The Court now reviews the Petition to determine whether the claims are subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.

## REVIEW OF PETITION

1. **Standard of Law**

　　　　Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition

and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

2. **Background**

In a state criminal action in Twin Falls County, Idaho, Petitioner entered a guilty plea as a result of the following sequence of events:

> Watts was charged by indictment with felony murder in Twin Falls County. Watts was accused of participating with John McElhiney in the kidnapping of Dale Miller. The State alleged that Miller died in the course of that kidnapping. Watts pled not guilty to the charge.
>
> Trial was set to begin in October 2008. Plea negotiations were initially unsuccessful. However, before the case went to trial, Watts' counsel was advised that the State contemplated filing other charges against Watts involving allegations of lewd and lascivious conduct in multiple counties. Counsel met with Watts at the Twin Falls County Jail on October 4, 2008, to discuss this development. Over the course of the following week, the parties reached a plea agreement which was reduced to writing. This written agreement was comprised of two parts: (1) a one-page plea agreement to be filed in the criminal case; and (2) a two-page agreement. Both agreements provided that Watts would enter a guilty plea to first degree felony murder and that the parties would stipulate to a unified term of life, with twenty years determinate. Watts waived his right to appeal unless the sentencing court exceeded the stipulated sentence. By the terms of the two-page agreement, the State agreed not to prosecute the lewd and lascivious conduct allegations. The parties further agreed that the two-page agreement would be filed under seal.
>
> Watts and his counsel signed both agreements on October 7, 2008. Prior to signing those documents, Watts was provided police reports on the lewd and lascivious conduct allegations. Watts told his counsel that he would plead guilty to the felony murder charge based upon the stipulated sentence agreement and the State's agreement not to pursue the lewd and lascivious conduct allegations. Watts completed a guilty plea advisory form on October 7, 2008, with the assistance of counsel. A change of plea hearing was conducted on the same

> day and Watts pled guilty to felony murder. Watts was sentenced, consistent with the plea agreement, to a unified term of life with twenty years determinate. Watts appealed the conviction and sentence; however, the Idaho Supreme Court dismissed the appeal because he had waived his right to appeal.

*Watts v. State*, No. 37748, 2011 WL 11048125, at *1 (Idaho Ct. App. Nov. 22, 2011).

Petitioner's first post-conviction action was dismissed, and the dismissal was affirmed on appeal. *See id.* The Idaho Court of Appeals completed adjudication of that case in 2011.

Petitioner's second post-conviction action was filed in April 2016, asserting that he had new evidence.[1] *See* Dkt. 1, p. 3. That action was dismissed by the state district court in October 2016. It does not appear that Petitioner filed an appeal.

3. **Discussion**

In his current habeas corpus petition, Petitioner asserts that he is actually innocent of his conviction of first degree felony murder, based on newly-discovered evidence, and that his post-conviction counsel was ineffective. This case is subject to summary dismissal for the following reasons.

First, this Court cannot adjudicate claims that have not been presented to the Idaho Supreme Court in a procedurally proper manner. Second, because Petitioner concluded his state court action regarding the new evidence claim in 2016, his 2022 filing is beyond the one-year statute of limitations. *See* 28 U.S.C. § 2244. Third, Plaintiff's two claims are noncognizable. Actual innocence is not a ground for federal habeas corpus relief; such

---

[1] *See* https://mycourts.idaho.gov/odysseyportal/Home/WorkspaceMode?p=0 (accessed July 26, 2022).

INITIAL REVIEW ORDER - 3

claims must be presented to the state courts instead. *See Herrera v. Collins*, 506 U.S. 390, 404-05 (1993). A claim of ineffective assistance of post-conviction counsel is not cognizable as an independent constitutional claim. *See Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987),

While Petitioner might be able to show equitable grounds to overcome the first and second reasons for dismissal, there is no way to overcome the third reason, noncognizability, because it is a function of the limited jurisdiction of this Court over state convictions. Accordingly, an opportunity to amend would be futile, and this case will be dismissed for failure to state a federal claim upon which relief can be granted.

///

///

## ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED for failure to state a federal claim upon which relief can be granted.

2. The Motion for Leave to Conduct Discovery (Dkt. 2) is DENIED as MOOT.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit.

Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: August 23, 2022

David C. Nye
Chief U.S. District Court Judge